## Case No. 2,248.

In re BUTTERFIELD et al.

[14 N. B. R. 195.] [1]

District Court, E. D. Michigan.  May, 1876.

BANKRUPTCY — LETTERS OF ATTORNEY TO REPRESENT CREDITORS—AUTHENTICATION.

1. Letters of attorney to represent creditors may be acknowledged before a notary public.

[Approved and followed in Re McDuffee, Case No. 8,778.]

2. General Order No. 34, providing that they may be acknowledged or proved before a register or United States commissioner, was not intended to be exclusive of other methods of proof.

[In bankruptcy. In the matter of Leander S. Butterfield and Harvey W. Burr.] The register certified that a letter of attorney, purporting to be executed on behalf of the Michigan Central Railroad Company, for the purpose of representing said company at a meeting of creditors, was offered to be filed. Its execution was authenticated only by the affidavit of the officer by whom it purports to be executed, sworn to before "Samuel J. Kelso, a notary public, Wayne county, Michigan." The register declined to accept it, on the ground that it was not authenticated in the manner prescribed by General Order 34, and, at the request of Mr. D. M. Dickinson, certified the question into court for determination.

BY HOVEY K. CLARKE, Register: The right of any creditor to act at all meetings by his duly constituted attorney is secured by an express provision of the statute. Rev. St. § 5095. What is necessary to duly constitute an attorney for this purpose is the question. A precedent (No. 26) of a power to be executed was contained among the forms appended to the General Orders when adopted at the first term of the court after the passage of the bankrupt act [14 Stat. 517]. But no mode of authenticating the due execution of the power was prescribed, either in the statute or the General Orders. A note in brackets at the foot of the form suggested that the party executing it may "acknowledge the same before a judge, register, clerk or commissioner of the court, or any officer authorized to take the acknowledgment of deeds or other instruments in writing." It soon came to be understood that power of this character could not be conferred by a note to one of a collection of forms; and accordingly there was no uniformly prevailing mode of authenticating letters of attorney until the amendment of the General Orders at the December term, 1871. It was then provided (see G. O. 34) that "the execution of any letter of attorney to represent a creditor, etc., may be proved or acknowledged before a register in bankruptcy or a United States circuit court commissioner." This furnished a definite rule, as it was the only rule by which a creditor may duly constitute an attorney. The act of

---

[1] [Reprinted by permission.]

June 22d, 1874 [18 Stat. 186], conferred upon notaries public the power "to take proof of debts against the estate of a bankrupt." Under this provision notaries began to assume the function also of authenticating letters of attorney. They have not, so far as I know, assumed to administer oaths to petitioners, which section 5017 confers upon the district judges, registers and commissioners; although I see no reason why they may not, if the claim here made shall be sustained. The question, however, was early presented to Judge Treat, of East Missouri (sitting for Judge Gresham, in Indiana), and he in "all things affirmed" the decision of the register, that an attorney was not "duly constituted" by a letter of attorney, the execution of which had been acknowledged before a notary. In re Christley [Case No. 2,702]. This authority is certainly entitled to great respect; but, aside from this, it is difficult to see what purpose the judges had in prescribing this mode of authenticating the execution of letters of attorney, unless it was to be exclusive of all others; for, upon the theory here contended for, they conferred no power that did not already exist, or is now claimed to exist, without any aid from the terms of the General Orders, and makes the action of the judges in this particular entirely supererogatory. Since the decision in Re Christley, and of course since the law was passed authorizing notaries to take proof of debts, the justices of the supreme court have again revised the Code of General Orders, but they have made no change in the mode of authenticating letters of attorney; and the attempt, by construction, to confer the power upon other officers than those selected by the supreme court for the performance of the duty under consideration, seems to me an unwarrantable exercise of powers to regulate the practice in bankruptcy conferred by section 4990 upon the justices of the supreme court.

D. M. Dickinson, for creditor.

BROWN, District Judge. By section 23 of the original bankrupt law—[14 Stat. 528] Rev. St. § 5095—any creditor may act at all meetings by his duly constituted attorney the same as though personally present. Under this section the supreme court prescribed a form of letter of attorney (No. 26), and in a note provided that the party executing the same might "acknowledge it before a judge, register, clerk or commissioner of the court, or any officer authorized to take acknowledgments of deeds or other instruments in writing." It was held, however, by the district court of Massachusetts, in Re Barnes [Case No. 1,012], that, notwithstanding this footnote, the power of attorney to prove a debt need not be acknowledged. There is no general principle of law requiring instruments to be acknowledged; but, in order to obviate the necessity of proving signatures,

the statutes of all the states have provided that where certain instruments are acknowledged before an officer named in the statute, such acknowledgment shall in effect stand in the place of proof of the signature and entitle the instrument to record. The statute having provided for proofs to be executed before registers and United States commissioners, and abroad by ministers, consuls and vice-consuls, the supreme court, in its general orders of 1871 (No. 34), provided that the execution of any letter of attorney to represent a creditor, etc., might be proved or acknowledged before a register in bankruptcy or a United States circuit court commissioner, undoubtedly intending by this order that letters of attorney should be acknowledged before the same officers who were empowered by law to take proofs of debt, though the order was even then defective, in providing no mode for authenticating powers of attorney executed in a foreign country. The existing provisions of the statute, however, were found to work a great inconvenience to creditors residing at a distance from a register or commissioner, and in June, 1874, the act was amended, by providing that notaries public should have the power "to take proofs of debt against the estate of a bankrupt." General Order No. 34, however, was not altered to meet this amendment, and, although the orders were revised in 1875, no authority was expressly given to notaries public to take acknowledgment of powers of attorney. Without such power, however, the provision that they may take proofs of debt is rendered practically nugatory. The amendment was intended to obviate the necessity of a creditor traveling perhaps a great distance to the nearest commissioner or register to prove a debt; but if he is compelled to make the same journey, after having proved his debt, to acknowledge a letter of attorney, for all practical purposes the act might as well have never been passed. In probably nine cases out of ten the creditor who proves his debt at a distance from the register having charge of the case, at the same time executes a power of attorney to some person residing in the same town with the register to represent him. Were there a register or commissioner in each city and town in the country, in all probability the amendment of 1874 would not have been adopted. Although notaries living in the same town with registers and commissioners frequently take proofs of debt, the main object of the act was to enable creditors living at a distance from these officers to prove their claims without leaving their residences.

The omission of notaries public in the last revision of the General Orders was undoubtedly an inadvertence, and although this court has not power to correct or provide against inadvertences of congress or of the supreme court, I think the power given to these officers to take proofs of debt may properly be

construed to carry with it the incidental power to take acknowledgments of the letters of attorney, since without this latter power the former becomes practically useless. A construction which defeats the obvious intent of congress or renders its enactment nugatory should always be avoided. Sedg. St. & Const. Law, 270, 284. Says Domat, in his Loix Civiles: "If in any law we find the omission of something essential to it, or which is a necessary result of its provisions and requisite to give the law its full effect, we may supply what is wanting, but not expressed, and extend the law to what it was manifestly intended to embrace, but in its terms does not include." The language of General Order 34 is, that letters of attorney "may" be proved or acknowledged before a register or commissioner, leaving the matter, apparently, to some extent discretionary with the court. The supreme court has provided no other method, but has apparently not made that method obligatory. Although the word "may," in cases where the public interest and rights are concerned, is sometimes construed as peremptory, the rule is by no means universal, and I think the doctrine now is that the exposition ought to be adopted which carries into effect the true intent and object of the legislature in the enactment. Sedg. St. & Const. Law, 439. In this case I think the interest of justice will be promoted by giving to the word its ordinary meaning, and holding that the court did not intend to make that method of proof exclusive. Nor is the action of the supreme court by this construction rendered supererogatory, as suggested by the register, for the main object of the rule seems to have been to suggest a method by which powers of attorney might be authenticated without oral proof of signatures. I am aware that a contrary view was expressed by the learned District Judge of Eastern Missouri, sitting in Indiana, in the Case of Christley [supra], but the question is not discussed by him, and does not seem to have received a very careful consideration. I think the register was fully justified in following this decision; at the same time I am disposed, with some reluctance, to adopt a somewhat greater latitude of construction, particularly as I understand the practice has been with a large number of registers to accept proofs authenticated in this way. It is only the great inconvenience likely to follow from a literal adherence to the rule that induces me to extend it to notaries public. That inconvenience would become still more manifest if the power to take such acknowledgments was denied to ministers, consuls and vice-consuls, who, by section 5079, are empowered to take proofs of debt. If the creditor in a foreign country is unable to authenticate his power of attorney, the creditor could have no voice in the choice of an assignee, the acceptance of a compromise, or the determination of any other question arising in the settlement of the estate. I place my decision, not upon the ground that the court has the power to cure inadvertences of a legislative body, but because the power given to notaries public to take proofs of debt, in view of the usual course of proceedings in these cases, carries with it, as an incident, the power to authenticate letters of attorney. I am authorized to say the circuit judge concurs with me in this opinion. An order will be entered directing the register to accept and file the letter of attorney in question.